**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 1:14-CR-20 SNLJ |
| ) | |
| BILLY G. BIGGS, ) | |
| ) | |
| Respondent. ) | |

**ORDER**

This case is before the Court on defendant's pro se motion for compassionate release, doc. 149. Thereafter, counsel for defendant entered appearance and filed a "Memorandum of Counsel in Support of Pro Se Motion for Reduction of Sentence for Compassionate Release," doc. 154. The Probation Office then filed a "Compassionate Release Report," doc. 156, and the government filed a "Response" in opposition, doc. 157. On December 1, 2014, this Court sentenced defendant to a term of imprisonment of 151 months for the offenses of Aiding and Abetting the Burglary of a Pharmacy and Aiding and Abetting Possession with Intent to Distribute a Controlled Substance. Defendant is presently serving his sentence at FCI Memphis.

Defendant's motion is based on his representation that he suffers from "chronic asthma, hypertension, severe myopia, bilateral hypertensive retinopathy, and an immunocompromised state." He claims that "His particular medical conditions, race, and the outbreak of COVID-

1

19 at FCI Memphis, renders [him] particularly vulnerable to severe complications and possible death."

Under § 3582(c)(1)(A)(i), this Court may reduce a sentence if "extraordinary and compelling reasons warrant such a reduction. . .and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . ." Sentencing Guidelines sec. 1B1.13, Note 1, identifies the extraordinary and compelling reasons that may justify compassionate release, which include categories like terminal illness, debilitating medical conditions, advanced age, and death or incapacitation of certain family members. Defendant here does not fall into any of these categories. More particularly, and as pertinent here, Note 1 explains that defendant's medical condition must be one "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. . . ." In this regard, the probation report states that defendant "is currently assigned to Care Level 1, which is healthy or simple chronic care," and that his medical care "appears to be appropriately managed at this time."

Nor does the COVID-19 outbreak afford defendant any relief. The federal courts have consistently held that "the mere possibility of contracting a communicable disease such as COVID, without any showing that the Bureau of Prisons will not or cannot guard against or treat such a disease, does not constitute an extraordinary or compelling reason for a sentence reduction under the statutory scheme." *United States v. Korn*, No.11-CR-384S, 2020WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) (collecting cases). Courts have so held even in cases

where the facility has had COVID-19 outbreaks and the defendant himself tests positive. See e.g *United States v. Roberts*, 18-CR-528-5 (JMF), 2020 WL 1700032, at *1 (S.D.N.Y Apr. 8 2020) (denying compassionate release for HIV-positive inmate at a facility with several confirmed cases of COVID-19.) ; *United States v. Seymon*, No. 11CR-10040-JES, 2020 WL 2468762, at *1, *4 Cc .D .Ill. May 13, 2020) (finding no "extraordinary and compelling reason" to release a defendant with diabetes, high cholesterol, and a history of smoking from a facility with nearly 250 inmates testing positive for COVID-19). Moreover, there is nothing in this case to indicate that FCI Memphis has been or will be unable to treat defendant should he become infected.

Finally, defendant should not be released because he still poses a danger to the community, which is an additional factor that must be considered under §3582(c)(1)(A). As aptly stated in the probation report, defendant has a "history of aggravated assault with a firearm on two occasions [and he attempted] to ram a police car while eluding law enforcement at speeds in excess of 120 miles per hour."

For the foregoing reasons, this Court finds that defendant has not demonstrated the kind of extraordinary and compelling reasons that would justify a sentence reduction and compassionate release. Accordingly the motion is denied.

So ordered this 10th day of September, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

3